UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA MORRISON, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | |
| | * | NO. _____ |
| | * | |
| STATE OF LOUISIANA, THROUGH | * | |
| ITS DEPARTMENT OF CHILDREN | * | SECTION _____ |
| AND FAMILY SERVICES | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, the State of Louisiana through the Department of Children and Family Services ("DCFS"), pursuant to 28 U.S.C. § 1441, *et seq.*, hereby files notice of removal of the civil action originally instituted by Joshua Morrison ("Joshua"), Martha Acevedo, Angel L. Cruz Soto, and Maryann Cruz, individually and as a personal representative and administrator for the Estate of Angelymar ("Angie") Cruz Acevedo Morrison (collectively referred to herein as "Plaintiffs") from the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

1.

Plaintiffs' instituted a civil action now bearing Docket No. 2024-10670, Division J, and entitled "*Joshua Morrison, et al. v. State of Louisiana, through its Department of Children and Family Services*" on February 5, 2024 in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, and that action presently is pending in St. Tammany Parish.[1]

---

[1] **Exhibit A,** *in globo* – State Court Record (see *Petition for Damages*).

2.

Plaintiffs (individually and as personal representative and administrator of Angie's Estate) filed suit solely against DCFS as a result of Angie's death. Plaintiffs claimed that DCFS failed to protect Angie and Joshua from FMK (who was Angie and Joshua's adoptive son) and alleged the following particulars in the *Petition for Damages*:[2]

   a.  DCFS knew and failed to warn Angie and Joshua of FMK's violent behaviors, true mental health issues and behavioral problems exhibited by FMK – both as documented before FMK entered DCFS's care and those exhibited while FMK was in DCFS's care;[3]

   b.  DCFS knew that placing a violent and mentally ill youth in a home with foster/adoptive parents who were unprepared for, untrained in and uninformed about FMK's violent behaviors and mental illness would lead to disruption of the placement and physical harm and death to the foster/adoptive parents;

   c.  DCFS disregarded its duties by placing FMK in Angie and Joshua's home – a placement which would not have been made if DCFS:

   • had disclosed information related to FMK's violent proclivities, mental illness and dangerous behaviors;[4]

---

[2] **Exhibit A, *in globo*** – State Court Record (see *Petition for Damages*, paras. 46-49, 58-65).

[3] Plaintiffs alleged that FMK was placed into the home of an adoptive resource in New Jersey in October 2018 and that on December 4, 2019 (the night that FMK was to return to Louisiana), he gathered all of the kitchen knives in the home and put them in the parents' bedroom "for safekeeping." Also alleged was that FMK was placed in a therapeutic foster home on December 4, 2019, and that that foster parent (Lynelle Ernest) learned that DCFS reportedly failed to disclose FMK's "severe mental health and behavioral issues." Angie and Joshua were next identified as an adoption resource for FMK, who (by then) was living in Louisiana again. Plaintiffs specifically alleged that at the time of his placement with them, DCFS actively downplayed FMK's mental health and behavioral issues and that DCFS workers redirected them to FMK's positive characteristics. **Exhibit A, *in globo*** – State Court Record (see *Petition for Damages*, paras. 11-12).

[4] Paragraph no. 8 of the *Petition for Damages* included this allegation:

- had disclosed information to the South Carolina Department of Social Services;
- had not downplayed incidents and hospitalizations in FMK's adoption summary;
- had disclosed incidents and hospitalizations in FMK's adoption summary; and
- had not intentionally downplayed incidents while FMK was placed in a pre-adoptive placement with Angie and Joshua;

d. DCFS knew FMK was not suitable for adoption yet actively sought to place him in Angie and Joshua's home; and

e. DCFS retained employees who were inadequately trained and/or DCFS disregarded their training.

3.

On or about May 20, 2025, Joshua filed an *Amended Petition for Damages* in which he is the sole named plaintiff.[5] In this *Amended Petition for Damages*, Joshua identifies, names and

---

8. During the adoption process, Angie and Joshua determined and repeatedly and affirmatively declared[2] to the South Carolina Department of Social Services (Midlands Adoption Services) that they did not want to foster or adopt a child with any of the following issues:
   a. abusive/aggressive to others;
   b. cruel to animals;
   c. destructive to property;
   d. discipline problems;
   e. fighting frequently;
   f. fire setting;
   g. harmful to self;
   h. lying;
   i. running away;
   j. sexually aggressive/abusive with children;
   k. stealing;
   l. bipolar disorder;
   m. manic depression;
   n. conduct disorder;
   o. delusions;
   p. schizophrenia; or
   q. suicide ideation attempts

As a result of DCFS's alleged intentional failure to disclose/active concealment of some of the above-listed conditions, Plaintiffs asserted a fraud claim and included a request for attorney's fees under LSA-C.C. art. 1953 in the *Petition for Damages*.

[5] **Exhibit A,** *in globo* – State Court Record (see *Amended Petition for Damages*). Although there were four named plaintiffs in the *Petition for Damages*, the *Amended Petition for Damages* identifies/names only a single plaintiff, namely Joshua ("Plaintiff").

sues as defendants: (a) DCFS; (b) former DCFS employee Jessica Casby ("Casby"); and (c) former DCFS employee Stephanie Willis ("Willis").

4.

Joshua's allegations in the *Amended Petition for Damages* are substantially similar to those asserted by Plaintiffs in the *Petition for Damages*, but Joshua specifically alleges as follows with respect to DCFS, Casby and Willis:[6]

    a.    DCFS failed to disclose and/or concealed FMK's issues prior to placement with Angie and Joshua;

    b.    DCFS failed to disclose FMK's prior New Jersey placement and/or the reasons for its failure to Angie and Joshua;

    c.    DCFS, through Casby and Willis:

- actively downplayed FMK's severe, chronic and well-documented mental health and behavioral issues;
- took advantage of Angie and Joshua's deep desire to have a child and family;
- took advantage of DCFS's status as the lone repository of FMK's background information and records and suppressed important information and keeping it from Angie and Joshua;
- disregarded the substantial certainty of FMK's dangerous behavior and continued to put Angie and Joshua directly in harm's way through their failures and by placing FMK in their home without warning them of FMK's problems;

    d.    DCFS, Casby an Willis failed to warn Angie and Joshua of FMK's violent behaviors, mental health issues and behavioral problems exhibited by FMK – both as documented before FMK entered DCFS's care and as exhibited while FMK was in DCFS's care;

    e.    DCFS, Casby and Willis knew that placing a violent and mentally ill youth in a home with foster/adoptive parents who were unprepared for, untrained in and uninformed about FMK's violent behaviors and mental

---

[6] **Exhibit A**, *in globo* – State Court Record (see *Amended Petition for Damages*, paras. 68-73, 82-89).

illness would lead to disruption of the placement and physical harm and death to the foster/adoptive parents;

f. DCFS, Casby and Willis disregarded its/her/their duties by placing FMK in Angie and Joshua's home – a placement which would not have been made if DCFS, Casby and/or Willis:

- had disclosed information related to FMK's violent proclivities, mental illness and dangerous behaviors;[7]
- had disclosed information to the South Carolina Department of Social Services;
- had disclosed incidents and hospitalizations in FMK's adoption summary; and
- had disclosed incidents while FMK was placed in a pre-adoptive placement with Angie and Joshua;

g. DCFS, Casby and Willis knew FMK was not suitable for adoption yet actively sought to place him in Angie and Joshua's home; and

h. DCFS retained employees who were inadequately trained and/or DCFS disregarded their training.

---

[7] Notably, paragraph no. 8 of the *Petition for Damages* included this allegation:

> 8. During the adoption process, Angie and Joshua determined and repeatedly and affirmatively declared² to the South Carolina Department of Social Services (Midlands Adoption Services) that they did not want to foster or adopt a child with any of the following issues:
> a. abusive/aggressive to others;
> b. cruel to animals;
> c. destructive to property;
> d. discipline problems;
> e. fighting frequently;
> f. fire setting;
> g. harmful to self;
> h. lying;
> i. running away;
> j. sexually aggressive/abusive with children;
> k. stealing;
> l. bipolar disorder;
> m. manic depression;
> n. conduct disorder;
> o. delusions;
> p. schizophrenia; or
> q. suicide ideation attempts

As a result of DCFS's alleged intentional failure to disclose/active concealment of some of the above-listed conditions, Plaintiffs asserted a fraud claim and included in the *Petition for Damages* a request for attorney's fees under LSA-C.C. art. 1953.

5.

Plaintiff further alleges that "[Casby and Willis], acting under color of state law as employees of [DCFS], a government entity, engaged in affirmative acts that increased the danger to [Angie and Joshua], resulting in a deprivation of their substantive due process right to bodily integrity under the Fourteenth Amendment to the United States Constitution."[8]

6.

Plaintiff further alleges that Casby and Willis "acted with deliberate indifference to [Angie's and Joshua's] safety"[9] and thus, Casby and Willis are alleged to be "liable under 42 U.S.C. § 1983 to pay Joshua special damages . . ., general damages . . ., punitive damages for their willful and reckless misconduct, and reasonable attorney's fees and costs under 42 U.S.C. § 1988."[10]

7.

Based the foregoing allegations (specifically those found within paragraphs 92-102 of the *Amended Petition for Damages*), this civil action is one in which the United States District Court for the Eastern District of Louisiana unquestionably has jurisdiction by reason of 28 U.S.C. §§ 1331 and 1343(a)(3) and because claims asserted by Plaintiff allegedly arise under the Fourteenth Amendment to the U.S. Constitution.

8.

A constitutional tort claim under 42 U.S.C. § 1983 is facially removable because it is a

---

[8] **Exhibit A,** *in globo* – State Court Record (see *Amended Petition for Damages*, para. 93).

[9] **Exhibit A,** *in globo* – State Court Record (see *Amended Petition for Damages*, para. 96).

[10] **Exhibit A,** *in globo* – State Court Record (see *Amended Petition for Damages*, para. 101).

civil action founded on claims under the Constitution and/or laws of the United States.[11]

9.

Venue of the removed action is proper in this Court because the parish from which the state court action has been removed (i.e., St. Tammany) belongs to and/or forms part of the United States District Court for the Eastern District of Louisiana.[12]

10.

This *Notice of Removal* has been filed within thirty days of receipt by counsel for DCFS. Therefore, this *Notice of Removal* is timely.[13]

11.

By filing this *Notice of Removal*, DCFS expressly consents to the removal to federal court.

12.

As evidenced by **Exhibit A, *in globo***, there is no return of service on file with the Clerk of Court for Casby and Willis and therefore, their consent to the removal to federal court is not required.[14]

---

[11] *See Quinn v. Guerrero*, 863 F.3d 353, 358-359 (5th Cir. 2017), *cert. denied*, 538 U.S. 1057, 138 S.Ct. 682, 199 L.Ed.2d 537 (2018); *Carr v. Capital One, N.A.*, 460 Fed.Appx. 461, 467-468 (5th Cir. 2012). *See also* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(3); and 28 U.S.C. § 1441.

[12] *See* 28 U.S.C. § 1441(a).

[13] **Exhibit B** – May 20, 2025 email (with referenced attachment) from Plaintiff's counsel to undersigned counsel providing a courtesy copy of the *Amended Petition for Damages*.

[14] *See* 28 U.S.C. §1446(b)(2)(A), which provides that when a suit is removed on the basis of federal question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action."

13.

All process, pleadings and orders filed in the state court action are collectively attached hereto as **Exhibit A,** *in globo*.

14.

In accordance with the requirements of 28 U.S.C. § 1446(d), DCFS has this day given and served written notice of this removal on all parties by mailing and emailing a copy of this pleading and all attachments thereto to all known counsel of record, namely Andrew T. Lilly, Deborah J. Butcher and Robert J. Butcher.

15.

Undersigned counsel certifies that a *Notice of Filing Notice of Removal* (attached hereto as **Exhibit "C"**), along with a copy of this *Notice of Removal* (including all referenced exhibits), immediately will be filed (i.e., upon receipt of a file-stamped copy of same) with the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, as is required by 28 U.S.C. §1446(d).[15]

16.

In accordance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel states that the averments of this *Notice of Removal* are well-grounded in fact and are warranted by existing law and that this matter is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1441, *et seq.*

---

[15] **Exhibit "C"** – *Notice of Filing Notice of Removal* and its attached *Notice of Removal* (without its referenced exhibits).

WHEREFORE, DCFS prays that this *Notice of Removal* be deemed good and sufficient as required by law, that the aforesaid action, "*Joshua Morrison, et al. v. State of Louisiana, through its Department of Children and Family Services*," bearing Docket No. 2024-10670, Division J, in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, be removed from that court to the United States District Court for the Eastern District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof and issue all necessary orders and grant all general and equitable relief to which the DCFS might be entitled, and that all further proceedings in the state court be discontinued.

Respectfully Submitted,

LIZ MURRILL
Attorney General

BY:   */s/ Jennie P. Pellegrin*
JENNIE P. PELLEGRIN
La. Bar Roll No. 25207
jpellegrin@neunerpate.com
JENNIFER M. ARDOIN
LA. BAR ROLL NO. 30378
jardoin@neunerpate.com
KELSI G. FLORES
LA. BAR ROLL NO. 40361
kflores@neunerpate.com
NEUNERPATE
1001 West Pinhook Road, Suite 200
Lafayette, LA 70503
TELEPHONE: (337) 237-7000
FAX: (337) 233-9450
*Special Assistant Attorneys General and Counsel for the State of Louisiana through the Department of Children and Family Services*

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Notice of Removal* (including all exhibits thereto) was forwarded on June 17, 2025 to:

- ☐ Counsel for the plaintiff by United States mail, properly addressed and postage prepaid;
- ☐ All remaining counsel by United States mail, properly addressed and postage prepaid;
- ☐ Counsel for the plaintiff by Registered United States mail, return receipt requested, properly addressed and postage prepaid;
- ☐ All remaining counsel by Registered United States mail, return receipt requested, properly addressed and postage prepaid;
- ☐ Counsel for the plaintiff by facsimile transmission with confirmation;
- ☐ All remaining counsel by facsimile transmission with confirmation;
- ☐ Counsel for the plaintiff by hand delivery;
- ☐ All remaining counsel by hand delivery;
- ☑ Counsel for the plaintiff by electronic transmission; and/or
- ☐ All remaining counsel by electronic transmission.

*/s/ Jennie P. Pellegrin*
COUNSEL