UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA MORRISON, MARTHA ACEVEDO, ANGEL L. CRUZ SOTO, AND MARYANN CRUZ, Individually and as personal representative and administrator of the Estate of Angelymar Cruz Acevedo Morrison | * * * * * * * | CIVIL ACTION<br><br>NO. 2025-cv-01233 |
| VERSUS | * * | |
| STATE OF LOUISIANA, THROUGH ITS DEPARTMENT OF CHILDREN AND FAMILY SERVICES | * * * | SECTION H |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S *AMENDED PETITION FOR DAMAGES*

The State of Louisiana through the Department of Children and Family Services ("DCFS") submits this answer and these affirmative defenses to Plaintiff's *Amended Petition for Damages* (hereinafter referred to as "the *Amended Petition*"):

1.

The allegations contained in the preamble/introductory paragraph, paragraphs nos. 74, 77, 80, 81, 90, 92 and 102 and the prayer/final paragraph of the *Amended Petition* require no response. However, should an answer be deemed necessary, DCFS denies the allegations contained in the preamble/introductory paragraph, paragraphs nos. 74, 77, 80, 81, 90, 92 and 102 and the prayer/final paragraph of the *Amended Petition* for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

2.

DCFS denies the allegations contained in paragraph no. 1 of the *Amended Petition* for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

3.

The allegations contained in paragraph no. 2 of the *Amended Petition* state conclusions of law and/or fact and therefore require no response. However, should an answer be deemed necessary, except to admit (1) DCFS is a state entity with an office in East Baton Rouge Parish, DCFS denies the allegations contained in paragraph no. 2 of the *Amended Petition* for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

4.

The allegations contained in paragraphs nos. 3, 4, 5, 6 and 7 of the *Amended Petition* state conclusions of law and therefore require no response. However, should an answer be deemed necessary, DCFS admits the allegations contained in paragraphs nos. 3, 4, 5, 6 and 7 of the *Amended Petition*.

5.

The allegations contained in paragraph no. 8 of the *Amended Petition* state conclusions of law and/or fact and therefore require no response. However, should an answer be deemed necessary, DCFS denies the allegations contained in paragraph no. 8 of the *Amended Petition* for lack of sufficient information to justify a belief as to the truth of the matters contained therein.

6.

Because discovery has not yet commenced, DCFS denies the allegations contained in paragraphs nos. 9, 11, 12(a-q), 13, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 31, 32, 35, 36, 38, 40,

41, 42, 43, 44, 46, 48, 51, 52, 53, 54, 56, 58, 59, 61, 62, 63, 64, 65, 66, 67, 70, 71 and 72 of the *Amended Petition* for lack of sufficient information at this time to justify a belief as to the truth of the matters contained therein.

7.

DCFS admits, on information and belief, the allegations contained in paragraph no. 10 of the *Amended Petition*.

8.

The allegations contained in paragraphs nos. 14, 15, 16 and 17 of the *Amended Petition* state conclusions of law and therefore require no response.  However, should an answer be deemed necessary, DCFS admits that the referenced statute and/or website is the best evidence of its terms/contents.

9.

The allegations contained in paragraphs nos. 26 and 30 of the *Amended Petition* state conclusions of law and/or fact and therefore require no response.  However, should an answer be deemed necessary, because discovery has not yet commenced, DCFS denies the allegations contained in paragraphs nos. 26 and 30 of the *Amended Petition* for lack of sufficient information at this time to justify a belief as to the truth of the matters contained therein.

10.

The allegations contained in paragraphs nos. 33 and 34 of the *Amended Petition* state conclusions of law and/or fact and therefore require no response.  However, should an answer be deemed necessary, DCFS admits that the referenced statute is the best evidence of its terms/content and written policy is the best evidence of its terms/contents but denies for lack of

sufficient information whether the quoted material applies to the dates/events at issue in this case.

11.

The allegations contained in paragraph no. 37 of the *Amended Petition* state conclusions of law and/or fact and therefore require no response. However, should an answer be deemed necessary, because discovery has not yet commenced, DCFS denies as written and for lack of sufficient information at this time to justify a belief as to the truth of the matters contained therein the allegations contained in paragraph no. 37 of the *Amended Petition*.

12.

The allegations contained in paragraphs nos. 39, 50, 55, 60, 73(a-d), 94(a-c), 95, 96 of the *Amended Petition* state conclusions of law and/or fact and therefore require no response. However, should an answer be deemed necessary, because discovery has not yet commenced, DCFS denies as written and for lack of sufficient information at this time to justify a belief as to the truth of the matters contained therein the allegations contained in paragraphs nos. 39, 50, 55, 60, 73(a-d), 94(a-c), 95, 96 of the *Amended Petition*. DCFS admits that its case file is the best evidence of its terms/contents.

13.

The allegations contained in paragraphs nos. 45, 47 and 49 of the *Amended Petition* state conclusions of fact and therefore require no response. However, should an answer be deemed necessary, because discovery has not yet commenced, DCFS denies the allegations contained in paragraphs no. 45, 47, 49 of the *Amended Petition* for lack of sufficient information at this time

to justify a belief as to the truth of the matters contained therein. DCFS admits that its case file is the best evidence of its terms/contents.

14.

DCFS denies the allegations contained in paragraph no. 57 of the *Amended Petition* for lack of sufficient information at this time to justify a belief as to the truth of the matters contained therein. DCFS admits that its case file is the best evidence of its terms/contents.

15.

The allegations contained in paragraphs nos. 68 and 69 of the *Amended Petition* state conclusions of fact and therefore require no response. However, should an answer be deemed necessary, DCFS denies as written the allegations contained in paragraphs nos. 68 and 69 of the *Amended Petition*.

16.

The allegations contained in paragraphs nos. 75 and 78 of the *Amended Petition* state conclusions of law and/or fact and therefore require no response. However, should an answer be deemed necessary, DCFS denies the allegations contained in paragraphs nos. 75 and 78 of the *Amended Petition* for lack of sufficient information at this time to justify a belief as to the truth of the matters contained therein.

17.

The allegations contained in paragraphs nos. 76, 79, 89, 91 and 93 of the *Second Amended Petition* state conclusions of law and/or fact and therefore require no response. However, should an answer be deemed necessary, DCFS denies the allegations contained in paragraphs nos. 76, 79, 89, 91 and 93 of the *Amended Petition*.

18.

The allegations contained in paragraphs nos. 82, 83, 84, 85(a-d), 86, 87(a-g) and 88 of the *Amended Petition* state conclusions of law and/or fact and therefore require no response. However, should an answer be deemed necessary, DCFS denies as written the allegations contained in paragraphs nos. 82, 83, 84, 85(a-d), 86, 87(a-g) and 88 of the *Amended Petition*.

19.

The allegations contained in paragraphs nos. 97, 98, 99, 100 and 101 of the *Amended Petition* state conclusions of law and/or fact and therefore require no response. However, should an answer be deemed necessary, DCFS denies as written the allegations contained in paragraphs nos. 97, 98, 99, 100 and 101 of the *Amended Petition*.

**AFFIRMATIVE DEFENSES**

AND NOW, FURTHER ANSWERING, DCFS specifically alleges, urges and/or asserts the following alternative defenses:

First Defense

Plaintiff does not have and/or fails to state a claim and/or cause of action against DCFS for which relief can be granted.

Second Defense

Plaintiff's claims are barred because any action(s) DCFS took or failed to take and/or decision(s) DCFS made with regard to Plaintiff and/or Plaintiff's Decedent was based on reasonable factors, was justified, was taken/made in good faith and for good cause and without malice.

### Third Defense

Plaintiff's alleged injuries and damages, if any, were caused by Plaintiff's own respective negligence, fault and/or actions (or inaction/omission), and/or the fault and/or actions (or inaction/omission) of others for whom DCFS is not legally responsible and/or liable, including the intentional acts of another.

### Fourth Defense

If Plaintiff is found to have suffered damages and if it is found that Plaintiff's damages were caused by and/or resulted from the negligence, fault and/or actions (or inaction/omission) of DCFS or anyone for whom it/they is/are or may be responsible, none of which is admitted but is specifically denied, DCFS avers that Plaintiff's damages also were caused by and/or contributed to and/or aggravated by Plaintiff's and/or Plaintiff's Decedent's own respective fault, negligence and/or breach of duty and/or by the fault, negligence and/or breach of duty by others for whom DCFS has no responsibility, including the intentional acts of another, which precludes and bars any recovery by Plaintiff against DCFS and/or operates in mitigation of any recovery to which Plaintiff ultimately may be entitled.

### Fifth Defense

If DCFS is adjudged liable for the damages alleged, any judgment against DCFS should be reduced by the amount of Plaintiff's, Plaintiff's Decedent's and/or any other's fault, contributory negligence, comparative fault, actions, assumption of the risk and/or failure to mitigate.

### Sixth Defense

Plaintiff failed to mitigate his damages, if any.

### Seventh Defense

DCFS respectfully pleads any and all other defenses and/or affirmative defenses available to it under applicable law and reserves the right to supplement and/or amend this answer to assert any additional affirmative defenses as may hereinafter be appropriate and/or if new facts come to light and/or as further investigation and/or discovery may warrant.

### Eighth Defense

DCFS engaged in good faith efforts to comply with any and all applicable state and federal laws, regulations, and/or rules.

### Ninth Defense

DCFS is entitled to absolute, qualified and/or discretionary immunity and/or limitation of damages and/or liability pursuant to the Constitution, federal law and/or laws of the State of Louisiana, including, but not limited to, LSA-R.S. 9:2798.1, LSA-R.S. 9:2800, LSA-R.S. 13:5112, LSA-R.S. 23:301, *et seq*, LSA-R.S. 29:721, *et seq.*, LSA-R.S. 29:735 and/or LSA-R.S. 51:5106.

### Tenth Defense

DCFS affirmatively pleads all protections and limitations available to departments, boards, commissions, agencies and/or political subdivisions of the State of Louisiana including, but not limited to, those enumerated in LSA-R.S. 13:5101, *et seq*.

### Eleventh Defense

In the event that this Court finds that the actions or conduct of employees of DCFS (or anyone else deemed to be a "covered individual" under LSA-R.S. 13:5108.1(E)) caused injury or damage to Plaintiff (which is not admitted but specifically denied): (1) such actions and/or

behavior was not within the scope of employment; (2) such actions and/or behavior constitute criminal conduct; and/or (3) such actions and/or behavior constitute gross negligence. As a consequence, any such employee of DCFS (or anyone else deemed to be a "covered individual" under LSA-R.S. 13:5108.1(E)) is not entitled to the defense and/or the indemnity afforded to a "covered individual" under LSA-R.S. 13:5108.1.

### Twelfth Defense

DCFS is entitled to contribution and/or indemnity from others for any amounts that DCFS may be condemned to pay as a consequence of any other's actions and/or behavior.

### Thirteenth Defense

DCFS did not act improperly, negligently, willfully, maliciously and/or intentionally.

### Fourteenth Defense

If Plaintiff incurred medical expenses – which is denied – and those expenses were paid (in part or in whole) by Medicaid and/or Medicare and/or a health insurer, DCFS is entitled to and will seek to obtain a credit and/or setoff for any write-off amounts and/or is entitled to consideration of payments made by others which are not deemed/considered to be collateral sources.

### Fifteenth Defense

DCFS requests a trial by jury on all issues so triable.

WHEREFORE, DCFS prays that this answer be deemed good and sufficient and, after all due proceedings are had herein, that there be judgment in its favor and against Plaintiff, dismissing Plaintiff's demands against it/them with full prejudice and at Plaintiff's sole cost, and for all general and equitable relief, etc.

                Respectfully Submitted,

                LIZ MURRILL
                Attorney General

BY:    */s/ Jennie P. Pellegrin*
                JENNIE P. PELLEGRIN
                La. Bar Roll No. 25207
                jpellegrin@neunerpate.com
                JENNIFER M. ARDOIN
                LA. BAR ROLL NO. 30378
                jardoin@neunerpate.com
                NEUNERPATE
                1001 West Pinhook Road, Suite 200
                Lafayette, LA 70503
                TELEPHONE: (337) 237-7000
                FAX: (337) 233-9450
                *Special Assistant Attorneys General and Counsel for the State of Louisiana through the Department of Children and Family Services*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2025, a copy of DCFS's *Answer and Affirmative Defenses to Plaintiff's Amended Petition* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be forwarded to counsel for the Plaintiff by operation of the Court's electronic filing system.

                */s/ Jennie Pellegrin*
                COUNSEL