UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA MORRISON, MARTHA ACEVEDO, ANGEL L. CRUZ SOTO, AND MARYANN CRUZ, Individually and as personal representative and administrator of the Estate of Angelymar Cruz Acevedo Morrison | * * * * * * * | CIVIL ACTION<br><br><br>NO. 2025-cv-01233 |
| VERSUS | * * | |
| STATE OF LOUISIANA, THROUGH ITS DEPARTMENT OF CHILDREN AND FAMILY SERVICES | * * * | SECTION "H" |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DCFS'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE MOTION FOR RULE 55(A) ENTRY OF DEFAULT*

Defendant, The State of Louisiana through the Department of Children and Family Services ("DCFS"), opposes Plaintiff's motion for entry of default for the following reasons.[1]

It is well established that "[d]efault judgments are drastic and unfavored remedies resorted to only in extreme situations," and "should not be granted because of a few days delay in meeting a procedural deadline."[2] The Fifth Circuit has similarly found that "[d]efault judgments are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement."[3] The decision to enter a default is within the court's sound discretion, and "a party is not entitled to a default judgment as a matter

---

[1] Rec. Doc. 11.

[2] *Thompson v. Lee*, CIV. A. 97-602, 1997 WL 469968 at *1 (E.D. La. Aug. 13, 1997) (internal citations omitted). *See also*, *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)); *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989); and *Cannon v. Lodge*, CIV. A. 98-2859, 1999 WL 64949 at *1 (E.D. La. Feb. 4, 1999).

[3] *Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 Fed.Appx. 927, 929 (5th Cir. 2010) (internal citations and quotations omitted) (emphasis added). *See also*, *Rossignol v. Tillman*, CIV.A. 10-03044, 2011 WL 1303127 at *2 (E.D. La. Mar. 30, 2011).

of right, even where the defendant is technically in default."[4]  Instead, there are six factors the court should consider in deciding whether to grant a default judgment: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think it was obligated to set aside the default on the defendant's motion.[5]  Importantly, "'mere delay does not alone constitute prejudice.'  Instead, 'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'"[6]

Plaintiff's argument that a default judgment is warranted merely because DCFS has failed to file responsive pleadings is not enough given Plaintiff's failure to establish that DCFS's failure to file responsive pleadings was willfully dilatory, as well as the absence of any assertion (much less, proof) that evidence, documents and/or discovery opportunities have been or will be lost as a result of the timing of DCFS's submission.  Likewise, there are no greater opportunities for fraud and collusion resulting from the timing of DCFS's submission.[7]  In fact, DCFS has provided to its counsel and undersigned counsel is prepared to produce the entirety of DCFS's foster care case

---

[4] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); and *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

[5] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[6] *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990)).

[7] Furthermore, it can hardly be maintained (and Plaintiff does not assert) that there are no material issues of fact in play, and Plaintiff does not assert or argue in his motion that he has been substantially prejudiced.  Entry of a judgment against DCFS at this stage would, on the other hand, result in prejudice not only to DCFS but to the public fisc – a goal the Legislature aimed to avoid through its enactment of procedural requirements which impose added steps to secure a default judgment against the State.  *See* LSA-C.C.P. art. 1704.

record and/or adoption case record pertaining to FMK's custody upon the Court's issuance of a scheduling order.[8]  Moreover, Plaintiff's argument that DCFS has failed to participate in a Rule 26(f) conference likewise is deficient, for this Court has not issued a scheduling order, and therefore, the parties have no obligation to participate in such a conference at this time.[9]

Furthermore, in accordance with this Court's precedent, Plaintiff's motion must be denied because DCFS filed its answer prior to the clerk's entry of default.[10]  In *Coregis Ins. Co. v. Bell*, a default was entered against the defendant on January 15, 1997.[11]  Plaintiff subsequently filed a motion for judgment of default on January 17, 1997 at approximately 4:31 p.m., which the Court granted/signed on the very same day.  The default judgment was later set aside, however, when it was discovered that the defendant had filed an answer <u>approximately two hours before</u> the motion for default judgment was filed.  In this case, DCFS filed its answer within mere hours of being served with Plaintiff's motion for entry of default and prior to the clerk's entry of any default.  Therefore, *a fortiori*, if a default judgment is improper when an answer has been filed <u>subsequent to</u> the clerk's entry of default, then a default judgment is inappropriate here given that DCFS filed an answer <u>prior to</u> the clerk's entry of default.

---

[8] *See* Eastern District Court of Louisiana Local Rule 26.1: "The court will set the timing of disclosures under FRCP 26(a)." *See also* Fed. R. Civ. P. 26(a)(1)(A)(ii), which obligates the parties to provide to one another a copy or description of all documents.

[9] *See* Eastern District Court of Louisiana Local Rule 26.2(a): "Except as otherwise ordered in a particular case, the conference between the parties required by FRCP 26(f) must be held no later than seven working days before the scheduled preliminary conference."

DCFS further contends that participating in a Rule 26(f) conference at this juncture would not be in the interest of judicial efficiency because the individuals recently added as defendants in the amended petition have not been served with process.

[10] See Rec. Doc. 12.

[11] *Coregis Ins. Co. v. Bell*, CIV. A. 96-2502, 1997 WL 83205 (E.D. La. Feb. 24, 1997).

WHEREFORE, for the foregoing reasons, DCFS opposes Plaintiff's motion for entry of default and respectfully request that it be denied.

          Respectfully Submitted,

          LIZ MURRILL
          Attorney General

BY:   */s/Jennie P. Pellegrin*
      JENNIE P. PELLEGRIN
      La. Bar Roll No. 25207
      jpellegrin@neunerpate.com
      JENNIFER ARDOIN
      La. Bar Roll No. 30378
      jardoin@neunerpate.com
      NEUNERPATE
      One Petroleum Center, Suite 200
      1001 West Pinhook Road (zip 70503)
      Post Office Drawer 52828
      Lafayette, LA 70505-2828
      TELEPHONE: (337) 237-7000
      FAX: (337) 233-9450
      *Special Assistants Attorneys General and Counsel for The State of Louisiana through the Department of Children & Family Services*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2025, a copy of *DCFS's Memorandum in Opposition to Plaintiff's Ex Parte Motion for Rule 55(a) Entry of Default* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be forwarded to counsel for the Plaintiff by operation of the Court's electronic filing system.

          */s/ Jennie Pellegrin*
          COUNSEL